# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EVERETT J. GILLUM, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-19-309-SLP |
| WARDEN JAMES YATES, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights while imprisoned at the Davis Correctional Facility (DCF). This matter has been referred by United States District Court Judge Scott L. Palk for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

## DISCUSSION

The Court is obligated to review complaints filed by prisoners who seek redress from governmental entities or officers or employees of a governmental entity. *See* 28 U.S.C. § 1915A(a). As part of this obligation, the Court may consider whether venue is proper sua sponte "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted); *see also Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 787 (10th Cir. 2010) (unpublished) (holding that a district court may consider venue on a § 1915 screening). Further, "the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of

justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Const., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010).

> Venue is proper in a civil action in:
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. Plaintiff alleges his constitutional rights were violated at DCF and he names DCF prison officials as Defendants. DCF is located in Holdenville, Hughes County, Oklahoma, and Hughes County is located within the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). Accordingly, because the events or omissions giving rise to the claims occurred in the Eastern District of Oklahoma, venue is proper in that Court.

Although it is possible venue may be proper in this Court as well,[1] "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). In this instance, Plaintiff is confined at DCF, the defendants work at DCF, and documents would be readily available there. As such, it is recommended that this Court transfer this case to the United States District Court for the Eastern District of Oklahoma in the interest of justice.

---

[1] Although none of the alleged events occurred within the geographical boundaries of this district, Plaintiff did not identify the residence of any of the defendants in the Complaint.

## RECOMMENDATION

It is recommended that this action, with all pleadings filed in this Court, be transferred to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of this District Court by April 30, 2019. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 9th day of April, 2019.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE