# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**EVERETT J. GILLUM,**

        Plaintiff,

v.                        No. CIV 19-130-RAW-SPS

**JAMES YATES, et al.,**

        Defendants.

## OPINION AND ORDER

Plaintiff Everett J. Gillum, a pro se prisoner who is incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma, has filed a "Motion for Non-Compliance" (Dkt. 2) in this civil rights action pursuant to 42 U.S.C. § 1983. The Court construes the motion as a motion for declaratory relief.

Plaintiff is requesting the Court to "admonish (DCF) and its 'facility-head'/ administration regarding its cavalier disposition concerning it's [sic] dysfunctional law library and inoperable mailroom, instructing them to make the necessary adjustments so operations at their facility siece [sic] to trample the constitutional rights of aspiring litigants held there." (Dkt. 2 at 2). The Court construes the motion as a motion for declaratory relief.

Plaintiff alleges the law library staff fail to make daily or weekly rounds with law clerks, when he has "the inassailable [sic] constitutional right to (24) hr. access to the court." *Id.* at 1-2. He also alleges the DCF mailroom has only one employee for the 1,200

prisoners incarcerated in the facility, which is inadequate staffing to provide federally-protected mail deliveries and retrievals. *Id*. at 2. Plaintiff further claims this system "must be taken as a [sic] indirect method of sabotage when view [sic] in light of court-imposed deadlines." *Id.*

The United States Supreme Court has ruled that "the constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided." *Penrod v. Zavaras*, 94 F.3d 1399 (10th Cir. 1996) (citations omitted). The Constitution requires only that reasonable access to the courts be permitted. *Johnson v. Avery*, 393 U.S. 483, 490 (1969); *Ford v. Schmidt*, 577 F.2d 408, 410 (7th Cir. 1978), *cert. denied*, 439 U.S. 870 (1978).

> To establish a claim of denial of access to the courts, plaintiff must show that defendant's conduct caused him actual injury by frustrating or hindering his pursuit of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 353 (1996). The legal claim affected must be one that either directly or collaterally attacks plaintiff's conviction or sentence, or one that challenges the conditions of his confinement. *See id*. at 354-55.

*Murphy v. Shenk*, No. 97-1300, 1998 WL 536381, at *2 (10th Cir. Aug. 10, 1998) (unpublished). Furthermore, in a § 1983 action, the Court will only consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

After careful review, the Court finds Plaintiff's vague and conclusory allegations are insufficient to justify relief. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and

pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971).

The Court further finds there is no evidence that the defendants in any way impeded Plaintiff's contact with the courts or his access to his criminal attorney or to his civil counsel. Under these standards, the Court finds Plaintiff has not shown he is entitled to relief for infringement of his right of access to the courts.

**ACCORDINGLY,** Plaintiff's Motion for Non-Compliance (Dkt. 2) is DENIED.

**IT IS SO ORDERED** this 6th day of May 2019.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma