# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

EVERETT JERMAINE GILLUM,              )
                                      )
            Plaintiff,              )
                                      )
v.                                    )     No. CIV 19-130-RAW-SPS
                                      )
JAMES YATES, et al.,                  )
                                      )
           Defendants.             )

## **OPINION AND ORDER**

      This action is before the Court on the defendants' motion for summary judgment. Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Lexington Correctional Center in Lexington, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking monetary damages for alleged constitutional violations during his incarceration at Davis Correctional Facility (DCF), a private prison located in Holdenville, Oklahoma. The defendants are the following DCF officials: James Yates, Warden; Mr. Underwood, Correctional Officer;[1] Sgt. Runyan, Correctional Officer; Sgt. Morrison, Property Officer; and Mr. Dorman, Chief of Security. The Court has before it for consideration Plaintiff's amended complaint (Dkt. 18), the defendants' motion (Dkt. 41), and a special report prepared by DCF officials, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Dkt. 35). Plaintiff has not filed a response to the motion.

**Standard of Review**

      Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for

---

[1] Defendant Underwood has not been served (Dkt. 31).

the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A party opposing a motion for summary judgment, however, may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Plaintiff's Allegations**

Plaintiff alleges his Eighth and Fourteenth Amendment rights were violated on December 26, 2018, when Defendant Runyan took him to the segregation unit and did not allow Plaintiff to secure his property. He claims his 15-inch, flat-screen Hiteker television was stolen after Defendant Underwood failed to properly pack the property, and Sgt. Morrison failed to locate, replace or reimburse Plaintiff for the television. (Dkt. 18 at 5-6).

**Exhaustion of Administrative Remedies**

The defendants allege Plaintiff has failed to exhaust the administrative remedies for his claim. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An

inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

The defendants allege that DCF is owned and operated by CoreCivic. (Dkt. 41 at 2). Defendant Mary Morrison, DCF Property Officer, states by affidavit that Plaintiff was housed at DCF pursuant to a contract between DOC and CoreCivic. According to the DOC Offender Grievance Process, OP-090124.IIB, property issues at privately contracted facilities are to be resolved by the privately contracted facility and are not grievable or appealable to the DOC Administrative Review Authority. Therefore, CoreCivic implemented CoreCivic/DCF Policy 14-6 regarding inmate property claims for damaged/lost/stolen property and procedures to exhaust administrative remedies. (Dkts. 41-2; 41-3).

Policy 14-6 requires claims to be made on a 14-6D Lost/Damaged/Stolen Property Claim Form within seven calendar days of the incident. The inmate must provide verification of proof of ownership of the claimed property. The property officer assigns a claim number to each new claim and adds the claim to the Property Claims Log. Designated staff perform an investigation within 15 calendar days. (Dkt. 41-3 at 17-18).

If the claim is determined to be valid and reimbursement or replacement is recommended, the claim is forwarded to the warden/administrator. The warden/administrator is the final authority for the award of any compensation. If a claim is determined not to be valid, and replacement or reimbursement is intially denied, the inmate may submit a 14-6 Denied Property Claim Appeal Form to the warden/administrator for a final decision. (Dkt. 41-3 at 19).

According to the affidavit by Mary Morrison, DCF Property Officer, Plaintiff submitted a Property Claim Form to the property officer, and an investigation was conducted.

The inmate property records indicate that Plaintiff received one box of property following his transfer from Dick Conner Correctional Center to DCF on September 6, 2018. The property receipt for the shipped property specifically noted, "no electronics." (Dkt. 41-2 at 4). Further, the Personal Property Receipt dated December 26, 2018, and signed by Plaintiff, stated that Plaintiff did not have a radio, watch, TV, or electric razor. (Dkt. 41-4 at 2).

Plaintiff's Property Claim Form 14-6D No. 2019-07, dated January 17, 2019, states that one Hiteker 15-inch flat screen TV was stolen when he went to "jail" [segregation], and he was not allowed to pack his own property. He also claimed on the form that he arrived with the TV and asked that his TV be found. (Dkt. 41-5 at 2).

According to the Property Claim Form, Plaintiff's property claim was investigated, and it was determined that he did not arrive with a television. The recommendation of denial was reviewed by Warden Yates on February 12, 2019, and Sgt. Morrison returned the claim and recommendation to Plaintiff on February 14, 2019. The claim form indicates that Plaintiff refused to sign the form with the decision. (Dkt. 41-5 at 3). Plaintiff did not file a property claim appeal to the warden/administrator for a final decision.

**Conclusion**

After careful consideration of the pleadings and other submitted materials in this case, the Court is of the view that there are no genuine issues of material fact concerning whether Plaintiff's claims are unexhausted. Therefore, summary judgment must be GRANTED to the defendants pursuant to Fed. R. Civ. P. 56(a).

**ACCORDINGLY,** the defendants' motion for summary judgment (Dkt. 41) is GRANTED.

**IT IS SO ORDERED** this 2nd day of September 2021.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA